15-1094
Jalloh v. Lynch

BIA
Vomacka, IJ
A095 164 602

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand sixteen.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge,*
    RICHARD C. WESLEY,
    PETER W. HALL,
        *Circuit Judges.*

_____

MUCTARR JALLOH,
        *Petitioner,*

        v.                                      15-1094
                                                NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Andy Wong, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Leslie
                       McKay, Assistant Director; Jessica
                       A. Dawgert, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Muctarr Jalloh, a native and citizen of Sierra Leone, seeks review of a March 25, 2015, decision of the BIA affirming a March 5, 2013, decision of an Immigration Judge ("IJ") denying Jalloh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muctarr Jalloh,* No. A095 164 602 (B.I.A. Mar. 25, 2015), *aff'g* No. A095 164 602 (Immig. Ct. N.Y.C. Mar. 5, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Jalloh raised two claims for asylum, one based on harm he suffered during a civil war in Sierra Leone, and another based on his opposition to female genital mutilation ("FGM"), which he alleges his daughters would have to undergo if they accompany

2

him to Sierra Leone.  Because the agency denied these claims for different reasons, we address them separately.

## I.  Claim Based on Past Harm

The agency denied on credibility grounds Jalloh's claim based on beatings he allegedly suffered during a civil war in Sierra Leone.  In pre-REAL ID Act cases such as Jalloh's, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole.  *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted).  Nonetheless, our "review of the IJ's credibility findings is highly deferential . . . and the IJ's 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Majidi v. Gonzales*, 430 F.3d 77, 79 (2d Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)).  Here, the adverse credibility is supported by substantial evidence.

The BIA affirmed the IJ's adverse credibility determination on the basis of two inconsistencies.  The first relates to the cause of damage to Jalloh's teeth and nose.  Jalloh submitted a medical report from a U.S. doctor which recounted, based on Jalloh's statements, the beating Jalloh suffered at the hands of a rebel political party in 1999.  The

3

doctor stated: "Patient showed signs of physical abuse that he sustained in Sierra Leone in the following ways . . . Nose: Patient had nasal bone fracture . . .[;] Mouth: Patient had extensive dental workup at Harlem Hospital as 6 of his teeth had been damaged due to severe trauma." Jalloh testified, however, that the problems with his teeth were due to routine dental issues and that he could not remember how he hurt his nose.

The second inconsistency related to whether Jalloh was beaten once or twice by rebels. Jalloh testified that he was beaten twice and confirmed that the first beating was severe, but his application stated that he was beaten in 1999, while in 1997, rebels merely pushed him out of the way to get to his father. When confronted with this inconsistency, he testified that, in 1997, the rebels were pushing him away and threatening to kill him, and he considered that a beating.

Both of the above inconsistencies are supported by the record, and they undermine Jalloh's account of the only two incidents of past harm he alleged in his application. *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007); *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006).

4

As to the inconsistencies regarding Jalloh's injuries, he argues that he never told the doctor that his injuries were due to beatings in Sierra Leone and that the doctor's conclusions were based on the doctor's independent interpretation of the evidence. However, it was Jalloh's burden to establish his claims for relief, and he submitted the doctor's report without further explanation, even though medical records from Harlem Hospital may have confirmed or contradicted the doctor's conclusions. 8 U.S.C. § 1158(b)(1)(B)(i) (establishing that alien bears burden of establishing asylum eligibility). Given that the only evidence supporting Jalloh's claim that the doctor incorrectly inferred the cause is Jalloh's own statement, there is no evidence compelling the conclusion that the doctor's report is inaccurate. 8 U.S.C. § 1252(b)(4)(B); *Majidi*, 430 F.3d at 79-80.

As to the inconsistency regarding the severity of the 1997 incident, the IJ was not required to credit Jalloh's explanation that being pushed out of the way even under threat of violence constituted a beating. *Majidi*, 430 F.3d at 80-81. Jalloh's explanation was inconsistent with his testimony that the 1997 beating was severe.

Given our "highly deferential" review of the agency's credibility findings, we conclude that there is no evidence compelling the conclusion that Jalloh testified credibly.

5

*Majidi*, 430 F.3d at 79; 8 U.S.C. § 1252(b)(4)(B). Because the inconsistencies identified by the agency concerned "the very persecution from which [Jalloh] sought asylum" and the injuries caused by the alleged persecution, they provide substantial evidence in support of the adverse credibility determination. *Xian Tuan Ye*, 446 F.3d at 295 (quoting *Majidi*, 430 F.3d at 81). Accordingly, with respect to this claim based on past harm, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. See *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II. Claim Based on Future Opposition to FGM

The agency also concluded that Jalloh failed to meet his burden of showing an objectively reasonable fear of future persecution based on his opposition to FGM. To establish asylum eligibility based on a well-founded fear of persecution, an applicant must show that "he subjectively fears persecution" and that "his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An alien may make this showing either by offering evidence that "'he would be singled out individually for persecution'" or by proving "the existence of 'a pattern or practice in his . . . country . . . of persecution of a group of persons similarly situated to

6

the applicant. . . .'" *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)).

There is no error in the agency's determination that Jalloh failed to show a well-founded fear of persecution. He is not eligible for asylum based on the harm that his daughters might suffer. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). And there is no evidence in the record that adults who oppose FGM are subject to harm in Sierra Leone. As the IJ pointed out, the 2010 State Department report indicates that FGM is in decline. Moreover, Jalloh alleged that his family was threatening him because of his opposition to FGM, but he also testified that his family was not in Sierra Leone. Given the absence of any objective evidence that Jalloh would be harmed on the basis of his opposition to FGM, the agency reasonably concluded that he did not have a well-founded fear of future harm. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7